# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6335 | **DATE** | 5/2/2011 |
| **CASE TITLE** | Gumm vs. Village of Park Forest, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court awards Defendants **$3,441.58** in costs. Plaintiff's motion in opposition to the bill of costs [48] is granted in part and denied in part. Plaintiffs' supplemental motion in opposition [50] is denied.

■[ For further details see text below.]          Notices mailed by Judicial staff.

# STATEMENT

Following entry of judgment in their favor, Defendants submitted a "motion" for a bill of costs along with the documentation is support of the requested costs [39]. Judge Coar (to whom this case was previously assigned) terminated Defendants' "motion" but noted that a bill of costs had been filed [41]. Following that court action, Defendants re-filed their bill of costs [46] on the form that parties customarily use in this Court. Defendants seek a total of $3,681.65, which represents deposition transcript fees ($2,639.35), attendance fees ($210), witness fees ($92), and exemplification and copying ($441.30). Plaintiff filed an opposition to the bill of costs [48] and soon after, a motion to supplement its opposition [50].

**I.   Legal Standards**

Rule 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006). However, the Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003); see also *Rivera,* 469 F.3d at 634-35. Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. See *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. See *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir. 2007).

| **STATEMENT** |
|---|

**II.     Analysis**

**A.     Court Reporting and Transcription Fees – 28 U.S.C. § 1920(2)**

First, Defendants seek $2,639.35 in court reporting fees pursuant to 28 U.S.C. § 1920(2).

The Court awards deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition. See *Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008) (per curiam); *Mother & Father*, 338 F.3d at 708. Under Northern District of Illinois Local Rule 54.1(b), the costs of a transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States. See N.D. Ill. L.R. 54.1(b).

For depositions and trials conducted after November 1, 2007, the applicable Judicial Conference rates are $3.65 per page for ordinary transcripts, $4.25 per page for fourteen day transcripts, $4.85 per page for seven day transcripts, $6.05 per page for daily transcripts, and $7.25 per page for hourly transcripts. See www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm. Reasonable attendance fees also are recoverable under Section 1920(2). See, *e.g.*, *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) ("As for the deposition attendance fees charged by the court reporter, we have previously held that even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)"); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) (same).

Defendants seek court reporting and attendance fees associated with the depositions of the Plaintiff Robert Gumm ($579.80), his wife Jennifer Tario ($428.85), Defendant Clifford Butz ($627.50), Defendant Michael McNamara ($499.50), and Craig Kaufman ($713.70). Plaintiff does not contend that any of the depositions were unnecessary. Rather, Plaintiff contends that the Kaufman, Butz, and McNamara depositions were billed at $4.00 per page, which is above the applicable Judicial Conference Rate of $3.65 for ordinary transcripts. (The invoices for the depositions do not state that they are accelerated delivery transcripts; rather the invoices are each marked "ORIG TRANSCRIPT" or "original transcript."). These invoices do not indicate the per-page amount charged by the court reporter. However, Plaintiff asserts that the court reporter charged $4.00 a page and Defendants do not rebut this assertion. It therefore appears that the recoverable amounts for the Kaufman, Butz, and McNamara deposition transcripts should be reduced to $3.65 per page. In accordance with Plaintiff's calculations, the Court awards $651.25 for the Kaufman transcript, $572.59 for the Butz transcript, and $455.79 for the McNamara transcript.

Next, Plaintiff asserts that the attendance fees requested by Defendants for the Gumm and Tario depositions should be reduced. Defendants claim $105 for each deposition. Plaintiff cites *Cordero v. City of Chicago*, 2010 WL 3515751, at *1 (N.D. Ill. Aug. 30, 2010) for the proposition that a $60 attendance fee is reasonable. Plaintiff omits to mention that in *Cordero*, Judge Leinenweber was determining that a $60.00 *hourly* fee was reasonable, not a $60.00 total fee. Accord *Benuzzi v. Board of City of Chicago*, 2010 WL 3038101, at *1 (N.D. Ill. July 30, 2010) ("The court reporter attendance fee of $55 per hour is also reasonable."); *Buffone v. Rosebud Rest., Inc.,* 2006 WL 3196931, at *2 (N.D.Ill. Oct. 31, 2006) (same). Based on the cost of the Gumm and Tario depositions, the Court was able to surmise the page length. It is highly likely that each deposition lasted longer than one hour. Accordingly, the Court awards the full $105.00 for attendance fees for the Gumm and Tario depositions.

For the above reasons, the Court awards Defendants **$2,688.28** in court reporting fees pursuant to 28 U.S.C. § 1920(2).

| STATEMENT |
|---|

### B. Witness Fees and Expenses – 28 U.S.C. § 1920(3)

Next, Defendants seek $92 in costs associated witness fees pursuant to 28 U.S.C. § 1920(3) and 28 U.S.C. § 1821. See *Majeske,* 218 F.3d at 825-26 ("Collectively, 28 U.S.C. §§ 1821 and 1920(3) authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses"). Section 1821 provides for a *per diem* of $40 per day for attendance at a court proceeding or deposition. Defendants ask for $47.00 for Renaldo LeFlore (reflecting $7.00 in travel costs) and $45.00 for Jennifer Tario (reflecting $5.00 in travel costs). Plaintiff argues that the Court should exclude the cost of the witness fee paid to LeFlore, since his testimony or transcript was not used at trial or in support of a motion. The Court is unaware of such a requirement in order to recover under § 1920(3). Further, the amounts sought by Defendants are reasonable. Accordingly, the Court awards Defendants **$92.00** for witness fees under 28 U.S.C. § 1920(3).

### C. Fees for Exemplification and Copies – 28 U.S.C. § 1920(4)

Next, Defendants seek $441.30 in photocopying and exemplification costs pursuant to 28 U.S.C. § 1920(4), which allows a judge to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." See *Tchemkou v. Mukasey,* 517 F.3d 506, 513 (7th Cir. 2008). Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for extraneous copies made for attorney convenience are not. See *Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1584 (7th Cir. 1990). Under Section 1920(4), the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble,* 924 F.2d 633, 643 (7th Cir. 1991). Instead, the prevailing party need only provide the best breakdown obtainable from the records. See *id.*

Defendants seek to recover copying expenses for "Defendants' Summary Judgment Exhibits" and "Judge Coar's Courtesy Copy of S.J. Motion." Plaintiff argues that charges for Defendants' Summary Judgment Exhibits should be excluded since "internal copy costs are not recoverable." The Court disagrees, and concludes that charges for these materials are recoverable. See *Kulumani,* 224 F.3d at 685 ("two sets of copies (one for each side's lawyers) could be taxed as costs" while numerous sets of copies could not).

Further, Defendants' documentation shows a charge of $0.15 per page. A charge of $0.10 per copy is within the range of $0.10 to $0.20 per page that courts have found to be reasonable in this district. See, *e.g.*, *Harkins v. Riverboat Serv., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003); see also *Helzing v. Loyola Univ. of Chicago,*, 2004 WL 2608287, at *4 (N.D. Ill. Nov. 16, 2004); *Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, 2003 WL 1720066, at *11 (N.D. Ill. Mar. 31, 2003); *Figueroa v. City of Chicago*, 2000 WL 1036019, at *2 (N.D. Ill. July 20, 2000).

Because Defendants' request for photocopying fees is reasonable and recoverable (see *Majeske,* 218 F.3d at 824), the Court awards **$441.30** under Section 1920(4).

### D. Fees for Service of Subpoenas – 28 U.S.C. § 1920(1)

Finally, Defendants seek $299 for the cost of serving four discovery subpoenas on various companies to which Plaintiff had purportedly applied for employment. 28 U.S.C. § 1920(1). Plaintiff argues that "fees for discovery subpoenas are not recoverable." Plaintiff cites no authority in support of this assertion and the Court was unable to locate any. Rather, the cases indicate that "[t]he cost of serving a subpoena is recoverable, but only to the extent the cost does not exceed the marshal's set fees." *Berry v. Chicago Transit*

| STATEMENT |
|---|

*Authority*, 2011 WL 947073, at *1 (N.D. Ill. March 15, 2011) (citing 28 U.S.C. § 1920(1) and *Collins v. Gorman, 96 F.3d 1057, 1059-60 (7th Cir.1996))*; see also *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 2002 WL 31207212, at *2 (N.D. Ill. 2002) (awarding costs incurred in serving various deposition subpoenas). By regulation effective November 12, 2008, the Marshals Service charges $55 per hour for service. See 28 C.F.R. § 0.114(a).

However, the invoices submitted by Defendants do not indicate how long service took or where service was effectuated. Therefore, the court awards only the $55.00 minimum charged by the U.S. Marshal's Service for subpoena service (**$220.00**). *Chamberlain Group, Inc. v. Interlogix, Inc.*, 2002 WL 31176068, at *3 (N.D. Ill. Sept. 30, 2002).

Plaintiffs also argue that two of the subpoena fees should be reduced because the invoices reflect a $10 "special services" cost. The Court was unable to locate evidence of this "special services" cost on the faces of the invoices. Regardless, as the Court has reduced the amount awarded for the subpoenas, it need not reduce it further.

**III.    Conclusion**

For the foregoing reasons, pursuant to Fed. R. Civ. P. 54(d)(1), the Court awards Defendants costs in the amount of **$3,441.58** as the prevailing party in this action.